10793

### J. I. CASE THRESHING MACHINE CO. v. ROGERS

#### (110 S. E. 926)

1.  CHATTEL MORTGAGES.—Where a purchase money mortgage of personal property is recorded in the county given as his residence by the mortgagor, although not in fact his residence, and at a sale of such property by the Bankruptcy Court notice of the mortgage is given at the sale and the sale is made subject to existing liens the purchaser at such sale takes the property subject to the lien of the mortgage, and with notice.

2.  INNOCENT PURCHASER.—Where the purchaser at such sale is the agent of the bankrupt, the original mortgagor, and the bid for this and other property was paid by a smal amount in cash and the homestead allowance of $500.00 the purchaser cannot claim to be a purchaser for value.

3.  FRAUD.—Original mortgagor cannot take advantage of his own misstatement of residence and claim as an innocent purchaser against such mortgage.

Before PEURIFOY, J., Marion, 1916.  Affirmed.

Action in claim and delivery by J. I. Case Threshing Machine Co. against F. E. Rogers.  From judgment for plaintiff defendant appeals.

The facts are briefly stated in the syllabus.

*Messrs. Gibson & Muller* and *W. F. Stackhouse,* for appellant, cite: *Chattel mortgage should be recorded in County of mortgagor's residence:* 1 Civ. Code 1912; Sec. 3542. *Actual notice a nullity:* 99 S. C., 270. *Unrecorded or improperly recorded claims not liens on property of bankrupt:* Bank Act., Secs. 67-A, 67-D. *Rights of Trustee:* 7 C. J., 113, 224; Black, Bankr'y, Secs. 365, 367.

*Messrs. W. C. Moore* and *L. D. Lide,* for respondent, cite: *Sale subject to lines:* Black, Bankr'y, Sec. 480; 198 Fed., 907. *Trustee alone can claim right of avoidance:* 175 Fed., 335.

December 19, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The exceptions are overruled, and judgment of Circuit Court affirmed, on the ground that the Circuit Judge was clearly right in finding for the respondent. Appellant is not an innocent purchaser for value without notice. The evidence clearly shows that appellant did have notice. There is no proof of payment of value; purchaser had due notice of respondent's rights. There would be a palpable miscarriage of justice to reverse the judgment of Circuit Court. Judgment affirmed.